

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**
Scura, Wigfield, Heyer & Stevens, LLP
1599 Hamburg Turnpike
P.O. Box 2031
Wayne, New Jersey 07470
Tel: 973-696-8391 Fax: 973-696-8571
Guillermo J. Gonzalez, Esq. (Attorney ID 076102014)
*Counsel for Debtor*

Order Filed on October 25, 2016
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

**MEDAK TRUCKING, LLC.,**

        Debtor.

Case No.   16-24788

Chapter 11

Hon. Judge Michael B. Kaplan

Hearing Date and Time:

**ORDER AUTHORIZING THE DEBTOR TO PAY PREPETITION WAGES AND REMIT WITHHOLDING OBLIGATIONS UP TO THE LIMITS SET FORTH IN BANKRUPTCY CODE § 507(a), PAY RELATED ADMINISTRATIVE OBLIGATIONS, AND AUTHORIZING APPLICABLE BANKS AND OTHER FINANCIAL INSTITUTIONS TO RECEIVE, PROCESS, HONOR AND PAY CERTAIN CHECKS PRESENTED FOR PAYMENT**

The relief set forth on the following pages, numbered two through four, is hereby

ORDERED

**DATED: October 25, 2016**

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

Debtor: Medak Trucking, LLC.
Case No.: 16-24788
Caption of Order: Order Authorizing the Debtor-in-Possession to Pay Prepetition Wages, Remit Withholding Obligations, and Pay Related Administrative Obligations

This matter came before the Court upon the Motion for an Order Authorizing the Debtor-in-Possession to: (I) Pay Prepetition Wages and Salaries; (II) Remit Withholding Obligations; (III) Pay Related Administrative Obligations; and (IV) authorize applicable banks and other financial institution to receive, process, honor and pay checks presented for payment (the "Motion"). The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this chapter 11 case (the "Chapter 11 Case") in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Court finds that notice of the Motion was appropriate, under the circumstances, that the relief requested in the Motion is in the best interest of the Debtor, its estate, creditors and other parties in interest. Based upon the foregoing, and in light of the facts set forth in the Certification of Andrew Obadiaru filed in conjunction with the Motion and incorporated herein by reference, and the record of the hearing on the Motion, due deliberation thereon, and sufficient cause appearing

IT IS ORDERED as follows:

1. The Debtor is authorized, but not directed, to pay and/or honor the Prepetition Employee Obligations, all costs and/or expenses related thereto as set forth in the Motion, in accordance with the Debtor's policies in the ordinary course of business.

2. No payments to any Employee on account of that Employee's Prepetition Employee Obligations shall exceed the $12,850 per Employee provided under section 507 of the Bankruptcy Code.

Debtor: Medak Trucking, LLC.
Case No.: 16-24788
Caption of Order: Order Authorizing the Debtor-in-Possession to Pay Prepetition Wages, Remit Withholding Obligations, and Pay Related Administrative Obligations

3. The Debtor and any other third parties administering withholding obligations on behalf of the Debtor, are authorized, but not directed, to make payments to applicable third parties with respect to the Withholding Obligations, and the Employer Tax Obligation, as set forth in the Motion and the costs associated therewith, in accordance the Motion.

4. In accordance with this Order and any other order of this Court, the banks and financial institutions at which the Debtor maintains its accounts are authorized to honor all fund transfer requests made by the Debtor related hereto, to the extent that sufficient funds are on deposit in such accounts.

5. The Debtor is authorized to pay all processing and administrative fees associated with the Prepetition Employee Obligations, Employee Programs, and other benefits as set forth in the Motion.

6. Nothing in the Motion or this Order shall be construed as impairing the Debtor's right to contest the validity or amount of any Prepetition Employee Obligations and/or benefits under the Employee Programs.

7. Nothing in the Motion shall be deemed a request by the Debtor for authority to assume, and nothing in this Order shall be deemed authorization to assume any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code or create an administrative obligation for any prepetition wages or benefits.

Debtor: Medak Trucking, LLC.
Case No.: 16-24788
Caption of Order: Order Authorizing the Debtor-in-Possession to Pay Prepetition Wages, Remit Withholding Obligations, and Pay Related Administrative Obligations

8. The authority to make payments on account of Prepetition Employee Obligations as provided for in this order shall be effective as of the Petition Date and any payments so made are not subject to disgorgement solely because the payments were made prior to entry of this order.