CHIESA SHAHINIAN & GIANTOMASI PC
One Boland Drive
West Orange, NJ 07052
(973) 325-1500
Counsel for Secured Creditor
Truck Lenders USA
/s/ Frank Peretore
Frank Peretore, Esq.
FP#7020

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| In Re: | Case No.: 16-24788 (MBK) |
| --- | --- |
| MEDAK TRUCKING, LLC, | Chapter 11 |
| Debtor. | CERTIFICATION OF DAWN LEO FOR RELIEF FROM THE AUTOMATIC STAY |

I, DAWN LEO, hereby certify and say:

1. I am General Manager of Vehicle Lenders Group (hereinafter "VLG") which maintains offices for the transaction of business at 23 Berry Hill Road, Oyster Bay, New York 11771. I am responsible for the account that is the subject of this motion and I am authorized to make the within affidavit on behalf of VLG, and I have personal knowledge of, and am fully familiar with the facts and circumstances set forth herein as well as the books and records of VLG and the account which is the subject of the instant action. This is submitted in connection with the Order Vacating and Annulling the Automatic Stay.

2. On October 21, 2016, this Court entered a Stipulation and Consent Order by and Between the Debtor and Vehicle Lenders Group (I) Resolving Vehicle Lenders Group's Motion for Relief from the Automatic Stay; (II) Declaring Certain Leases Secured Transactions; (III)

1

6865962.1

Providing Adequate Protection; and (IV) Granting Additional Relief (the "Consent Order"). Attached hereto and incorporated herein by reference as if set out in full, as **EXHIBIT A**, is a true and accurate copy of the Consent Order.

3. Paragraph 4 of the Consent Order requires Debtor to make monthly consecutive adequate protection payments of $6,900 by the first day of the following month.

4. Paragraph 16(a) of the Consent Order provides that an "Event of Default" occurs, inter alia, if "Debtor breaches any provision, term or condition of this Stipulation . . . including, but not limited to, the failure to make payments when due."

5. Paragraph 17(a) requires that "[u]pon an Event of Default, VLG shall send written notice (the 'Notice') of such Event of Default to Debtor's counsel by email to Guillermo J. Gonzalez at ggonzalez@scura.com." Attached hereto and incorporated herein by reference as if set out in full, as **EXHIBIT B**, are true and accurate copies of four (4) Notices, dated November 21, 2016, May 1, 2017, May 5, 2017, and June 13, 2017.

6. Paragraph 17(a) further provides, "Debtor shall then have ten (10) days from the date of the Notice to cure such Event of Default, with TIME OF THE ESSENCE."

7. To date, Debtor owes VLG $200 for its May payment, $6,900 for its June payment, and $6,900 for its July payment.

8. Paragraph 17(a) also provides, "If the event Debtor fails to cure the Event of Default identified in the Notice, VLG may submit an order on five (5) business days' notice to the Court and Debtor's counsel, simultaneously, providing for relief from the automatic stay imposed pursuant to 11 U.S.C. § 362 to allow VLG to recover and dispose of the Vehicles and

otherwise enforce its rights with respect to the Vehicles."

9. Paragraph 17(b) states, "Notwithstanding anything provided in subsection (a) above, in the event that Debtor causes VLG to issue three default notices pursuant to subsection (a) which are fully and timely cured, VLG need not provide any notices of default thereafter and need not provide any right to cure, and VLG may refuse cure and seek relief from the automatic stay as provided in subsection (a) above and may pursue any and all remedy [sic] provided for in the Leases."

10. VLG has caused four (4) Notices to issue, and to date, the defaults identified in three (3) of them have been cured. As such, VLG need not provide any further notices of default or any right to cure.

11. Title to the vehicles is in the name of VLG with liens held by Signature Financial LLC and Santander Bank NA. VLG, in order to finance and fund the agreements with Debtor, borrowed funds from Signature Financial LLC and Santander Bank NA, secured by liens on the vehicles. Thus, VLG's application for relief from the stay should be deemed to include VLG's lenders and any Order for relief from the stay must reflect VLG's lenders as well as VLG.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
DAWN LEO

6865962.1

# EXHIBIT A

Order Filed on October 21, 2016
by Clerk
U.S. Bankruptcy Court
District of New Jersey

|  |  |  |
|---|---|---|
| In re: | X : : : : : : : X | Chapter 11<br><br>Case No. 16-24788 (MBK) |
| MEDAK TRUCKING, LLC, |  |  |
| Debtor. |  |  |

**STIPULATION AND CONSENT ORDER BY AND BETWEEN THE DEBTOR AND VEHICLE LENDERS GROUP (I) RESOLVING VEHICLE LENDERS GROUP'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY; (II) DECLARING CERTAIN LEASES SECURED TRANSACTIONS; (III) PROVIDING ADEQUATE PROTECTION; AND (IV) GRANTING ADDITIONAL RELIEF**

The relief set forth on the following pages, numbered two (2) through nine (9), is hereby:

ORDERED.

DATED: October 21, 2016

Honorable Michael B. Kaplan
United States Bankruptcy Judge

0237679.2

## STIPULATION AND CONSENT ORDER

This Stipulation and Consent Order (this "Stipulation") is entered into by and between Medak Trucking, LLC ("Debtor") and Vehicle Lenders Group ("VLG") with respect to the Debtor's use and possession of the equipment identified in those certain equipment lease agreements between Debtor and VLG, as set forth more specifically in the Recitals section below.

### RECITALS

#### Bankruptcy Proceedings

WHEREAS, on August 1, 2016 (the "Filing Date"), Debtor filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code"); and

#### Transaction History and Default

WHEREAS, on or about September 23, 2014, Debtor entered into a certain Lease Contract ("Lease 1") with Debtor, pursuant to which Debtor leased the vehicles identified in Lease 1 in exchange for monthly payments of $1,195.47; and

WHEREAS, on or about February 23, 2015, Debtor entered into a certain Lease Agreement ("Lease 2") with Debtor, pursuant to which Debtor leased the vehicles identified in Lease 2 in exchange for monthly payments of $3,080.06; and

WHEREAS, on or about June 16, 2014, Debtor entered into a certain Lease Agreement ("Lease 3") with Debtor, pursuant to which Debtor leased the vehicles identified in Lease 3 in exchange for monthly payments of $1,214.39; and

WHEREAS, on or about October 27, 2014, Debtor entered into a certain Lease Agreement ("Lease 4") with Debtor, pursuant to which Debtor leased the vehicles identified in Lease 4 in exchange for monthly payments of $925.16; and

6237679.2

WHEREAS, on or about October 16, 2015, Debtor entered into a certain Lease Agreement ("Lease 5" and, collectively with Lease 1, Lease 2, Lease 3, and Lease 4, the "Leases") with Debtor, pursuant to which Debtor leased the vehicles identified in Lease 5 (collectively, with the vehicles identified in each of the other Leases, the "Vehicles") in exchange for monthly payments of $3,299.82; and

WHEREAS, as of August 16, 2016, the principal balance due under the Leases is $354,365.80, plus accrued and accruing interest, late fees, and attorneys' fees and disbursements; and

WHEREAS, the Leases contain a purchase option upon the expiration of the terms of the Leases for a purchase price equal to the purchase option amount; and

WHEREAS, Debtor has used continuously, and continues to use, the Vehicles; and

WHEREAS, Debtor ceased making post-petition payments to VLG as required by the Leases; and

WHEREAS, both Debtor and VLG desire to resolve the issue of Debtor's obligation of payments to VLG for adequate protection for a limited period of time and without prejudice to VLG's full rights, including but not limited to, its rights to be treated appropriately under a plan of reorganization and/or its right to payment of any arrears, late charges, default interest, attorneys' fees and other amounts due and owing under the Leases; and

WHEREAS, in consideration of the mutual promises set forth herein and subject to a full reservation of rights by VLG, including but not limited to, its right to contest or challenge the amounts due in the event of reorganization or failure to reorganize and/or its right to contest or challenge its treatment under a Plan of Reorganization.

3

6237679.2

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED between Debtor and VLG as follows:

1. The foregoing recitals are true, accurate and are incorporated by reference.

2. Debtor and VLG agree that upon entry of this Stipulation, the Leases shall be deemed secured transactions under a Plan of Reorganization, and shall further not be subject to Section 365 of the Bankruptcy Code.

3. Debtor and VLG agree that VLG holds an Allowed Claim in the amount of Three Hundred Fifty-Four Thousand Three Hundred and Sixty-Five Dollars and 80/100 ($354,365.80), as of September 1, 2016, plus accrued and accruing interest, late fees, and attorneys' fees and disbursements, subject to Section. 506(a)(1) of the Bankruptcy Code

4. Debtor shall make monthly consecutive adequate protection payments in the amount of $6,900 by the first day of the following month, said amount representing an approximation of the monthly depreciation of the Vehicles identified in the Leases the aggregate contractual monthly payment obligations under the Leases, with said payments commencing on or before November 1, 2016, continuing until full payment of VLG's Allowed claim. All payments made hereunder (or under any plan incorporating these terms, if applicable) shall be applied to Debtor's obligations under the Allowed Claim and shall in no way constitute a waiver of VLG's right to pursue any guarantor, if applicable, nor a waiver of any default by Debtor's failure to timely make full payment, nor a waiver of VLG's rights vis-à-vis its treatment under a Plan of Reorganization.

5. The Vehicles and all other presently existing and hereafter acquired collateral in which VLG has or shall have a security interest shall secure the payment and performance of this Stipulation, the Allowed Claim, and any and all of Debtor's other loan, lease or other obligations to VLG or its assigns of every kind and character, whether joint or several, directly or indirect,

4

6237679.2

absolute or contingent, due or to become due, and whether under presently existing or hereafter created accounts or agreements, or otherwise (collectively the "Obligations"); and in the event Debtor defaults under the terms and conditions of any or all of the Obligations, said default shall constitute a default under all of the other Obligations.

6. So long as there is no uncured default hereunder, VLG consents to Debtor's use of the Vehicles, including any cash collateral derived therefrom, through and including the date an Order confirming a Plan of Reorganization is entered in the above-captioned matter, or the effective date of any such Plan, whichever is later, subject to the terms and conditions set forth herein.

7. Whatever rights, security interests and liens of VLG that existed on the Filing Date shall be retained and are not waived or prejudiced by entering into this Stipulation. All payments made hereunder (or under any plan) shall be applied to the Allowed Claim and shall in no way constitute a waiver of any default by Debtor's failure to cure and make full payments.

8. VLG's rights and remedies under this Stipulation shall be cumulative and nonexclusive of any other rights and remedies which the Bank may have under any other agreement, including without limitation, the Leases. This Stipulation is without prejudice to any rights of VLG under the Bankruptcy Code or under non-bankruptcy law.

9. Nothing in this Stipulation shall constitute any commitment by VLG to make any additional loans or extend any further credit or other financial accommodations to or for the benefit of Debtor.

10. Debtor grants to VLG, its agents, designees or professional persons, the right to inspect and appraise the Vehicles during ordinary business hours on advanced reasonable notice. Debtor shall cooperate fully with any such inspection or appraisal.

6237679.2

11. VLG shall not be required by Debtor to marshal or otherwise order its enforcement in or against, or its pursuance of, any source of payment or repayment, including the Equipment, prior to obtaining payment from any other source, but shall give credit for any payments made hereunder.

12. The Debtor shall not obtain any new credit or financing secured by the Equipment, or otherwise incur any other obligations under Section 364 of the Bankruptcy Code that are secured by the Vehicles without the written consent of VLG or approval of the Court. In the event that Debtor seeks financing on a super priority basis under Sections 364(c) or (d) of the Bankruptcy Code with respect to the Vehicles during the pendency of this Stipulation pursuant to which financing would entail the granting of a lien on the Vehicles superior to or equal in priority to VLG's lien on the Vehicles, same shall be an Event of Default hereunder.

13. Debtor warrants and represents to VLG that its insurance policies (collectively, the "Policies") are in effect and that it will maintain casualty, liability and all other coverage consistent with the insurance requirements provided for under the Leases. Without limiting the responsibilities or duties of Debtor established by this Stipulation, the Bankruptcy Code, or otherwise, Debtor shall timely pay all premium amounts for the Policies as they become due. Debtor further represents and warrants that Debtor shall repair and maintain the Vehicles in the ordinary course and in accordance with the terms of the Leases and related documents.

14. VLG reserves its right to take the position that it is over-secured and that it is therefore entitled to post-petition interest and attorneys' fees in connection with the enforcement of its rights under the Leases.

15. Except as provided herein, Debtor agrees to continue to comply with all the requirements as set forth under the Leases and related documents.

6237679.2

16. Notwithstanding any provision herein to the contrary, the obligations of Debtor shall become immediately due and payable to VLG and VLG's consent to allow Debtor to use the Vehicles shall upon certification of default and opportunity to cure, in accordance with Paragraph 17 below, be revoked without further Order of this Court in the event of the earliest of the following occurs, any and all of which shall constitute an event of default ("Event of Default") under this Stipulation:

(a) Debtor breaches any provision, term or condition of this Stipulation or under any of the Leases or related documents as modified by this Stipulation, including, but not limited to, the failure to make payments when due; and/or

(b) This Stipulation is modified, vacated, supplemented, amended, or reversed at the request of Debtor except with VLG's consent or by order of the Court; and/or

(c) Entry of an order converting the within proceedings from a Chapter 11 to a Chapter 7 of the Bankruptcy Code or an entry of an order dismissing the within bankruptcy; and/or

(d) Entry of an order granting any lessor of Debtor's non-residential real property possession of such real property; and/or

(e) Entry of an order authorizing the appointment of a Trustee or Examiner.

17. (a) Upon the occurrence of an Event of Default, VLG shall send written notice (the "Notice") of such Event of Default to Debtor's counsel by email to Guillermo J. Gonzalez at ggonzalez@scura.com. Debtor shall then have ten (10) days from the date of the Notice to cure such Event of Default, with TIME OF THE ESSENCE. In the event Debtor fails to cure the Event of Default identified in the Notice, VLG may submit an order on five (5) business days' notice to

the Court and Debtor's counsel, simultaneously, providing for relief from the automatic stay imposed pursuant to 11 U.S.C. § 362 to allow VLG to recover and dispose of the Vehicles and otherwise enforce its rights with respect to the Vehicles. In the event that an Event of Default occurs after the confirmation of a Plan of Reorganization or effective date of a Plan, whichever is later, VLG shall have such rights as it shall otherwise have as a secured party under the Leases, related documents and applicable non-bankruptcy law.

(b) Notwithstanding anything provided in subsection (a) above, in the event that Debtor causes VLG to issue three default notices pursuant to subsection (a) which are fully and timely cured, VLG need not provide any notices of default thereafter and need not provide any right to cure, and VLG may refuse cure and seek relief from the automatic stay as provided in subsection (a) above and may pursue any and all remedy provided for in the Leases.

18. The terms of this Stipulation shall remain in effect until the date an Order confirming a Plan of Reorganization is entered in the within bankruptcy, or the effective date of any such Plan, whichever is later. The monthly payments set forth herein have no bearing on the value of the Vehicles or as to the amounts that will be due pursuant to any Plan of Reorganization and confirmation thereof.

19. To the extent that any such payments are not made, VLG may move for an order compelling Debtor to immediately pay all such expenses and VLG may file an administrative claim for all post-petition sums due.

20. Whatever rights, security interests and liens of VLG that existed on the Filing Date shall be retained and are not waived or prejudiced by entering into this Stipulation. Debtor agrees and acknowledges that as of the Filing Date, VLG held a valid, perfected, and unavoidable first priority security interest in the Vehicles. Debtor agrees and acknowledges that the validity, but

not to the extent, of such security interest is not subject to avoidance under the Bankruptcy Code, State or local law or may be otherwise challenged. Debtor covenants, warrants, and agrees that it shall not seek to avoid or otherwise challenge the validity of same.

21. The rights and obligations of the parties hereto shall inure to the benefit of, and be binding and enforceable upon, the respective successors, assigns and transferees of VLG and the Debtor.

22. This Stipulation is subject to the approval of the Bankruptcy Court.

23. This Stipulation may be executed in one or more counterparts and by facsimile signature, each of which taken together shall constitute one agreement.

24. The headings in this Stipulation are for convenience of reference only and shall not control or affect the meaning or construction of this Stipulation.

Dated: October ___, 2016

Scura, Wigfield, Heyer & Stevens
*Attorneys for Debtor*
1599 Hamburg Turnpike
Wayne, NJ 07470
(973) 696-8391
ggonzalez@scura.com

By: _____
    Guillermo J. Gonzalez, Esq.

Chiesa Shahinian & Giantomasi PC
*Attorneys for Vehicle Lenders Group*
One Boland Drive
West Orange, NJ 07052
(973) 325-1500
fperetore@csglaw.com

By: _____
    Frank Peretore, Esq.

9

6237679.2

# EXHIBIT B

**Fox, Mindy**

---

| | |
|---|---|
| **From:** | Peretore, Frank |
| **Sent:** | Monday, November 21, 2016 9:35 AM |
| **To:** | 'ggonzalez@scuramealey.com' |
| **Subject:** | Medak Trucking, LLC - Case No. 16-24788 |

As you know, this office represents Vehicle Lenders Group ("Vehicle Lenders") in connection with the above matter. Reference is made to the Stipulation and Consent Order entered by Judge Michael B. Kaplan on October 21, 2016, between the debtor and Vehicle Lenders (the "Stipulation"). In accordance with paragraph 17 of the Stipulation, please be advised the debtor is in default under the terms of the Stipulation for failure to make the full payment due on or before November 1, 2016, in the amount of $6,900.00.

Please be further advised that, pursuant to paragraph 17 of the Stipulation, in the event the debtor does not fully cure the aforesaid default within ten (10) consecutive days hereof with TIME OF THE ESSENCE, in the amount of $3,500.00, Vehicle Lenders will immediately thereafter pursue its rights and remedies, including but not limited to, relief from the automatic stay.

Please be guided accordingly.

Any and all communications, whether written or verbal, are not a settlement agreement, and are for settlement purposes only and are without prejudice to, and are not a waiver of, Vehicle Lender's rights including but not limited to, its rights to pursue any and all of its rights and remedies without notice and/or its right to require a written settlement agreement with terms and conditions acceptable to it, in its sole and absolute discretion, and there shall not be any settlement, agreement, modification, commitments or understandings unless and until there is an agreement reduced to writing and signed by all parties.

**FRANK PERETORE**
Member

**Chiesa Shahinian & Giantomasi** PC

973.530.2058
212.324.7256 NYC
973.530.2258 fax
fperetore@csglaw.com

One Boland Drive | West Orange, NJ 07052
11 Times Square, 31st Floor | New York, NY 10036

WEBSITE | VCARD

1

## Fox, Mindy

| | |
|---|---|
| **From:** | Fox, Mindy |
| **Sent:** | Monday, May 01, 2017 1:45 PM |
| **To:** | 'ggonzalez@scuramealey.com' |
| **Cc:** | Peretore, Frank; Meyers, Marlene |
| **Subject:** | Vehicle Lenders Group/Medak: Notice of Events of Default |

Guillermo,

We represent Vehicle Lenders Group in In re: Medak Trucking, LLC, Case No. 16-24788 (MBK).

On October 21, 2016, the Court entered the Stipulation and Consent Order, which provided for the $6,900 adequate protection payments.

Medak is in default under paragraph 16(a) of the Stipulation and Consent Order in that it has failed to remit payments of $3,600 for March 2017 and $6,900 for April 2017.

This e-mail is Notice of the above Events of Default. Medak has ten (10) days WITH TIME OF THE ESSENCE to cure these Events of Default. In other words, Medak has until Thursday, May 11, 2017 by close of business to pay the above two payments, plus the May 2017 payment. If Medak fails to so pay, then, pursuant to paragraph 17 of the Stipulation and Consent Order, Vehicle Lenders Group will submit an order on five (5) business days' notice to the Court and you providing for relief from the automatic stay to allow Vehicle Lenders Group to recover and dispose of the Vehicles and otherwise enforce its rights with respect to the Vehicles.

Please be guided accordingly.

Mindy

**MINDY P. FOX**
Associate

**Chiesa Shahinian & Giantomasi** PC

973.530.2122
973.530.2322 fax
mfox@csglaw.com

One Boland Drive | West Orange, NJ 07052
11 Times Square, 31st Floor | New York, NY 10036

WEBSITE | BIO | VCARD

1

## Fox, Mindy

| | |
|---|---|
| **From:** | Peretore, Frank |
| **Sent:** | Friday, May 05, 2017 2:28 PM |
| **To:** | 'ggonzalez@scuramealey.com' |
| **Subject:** | Vehicle Lenders Group/Medak: Notice of Events of Default |

Guillermo,

As you are aware, we represent Vehicle Lenders Group in In re: Medak Trucking, LLC, Case No. 16-24788 (MBK).

As you are also aware, on October 21, 2016, the Court entered the Stipulation and Consent Order, which provided for the $6,900 adequate protection payments.

Medak is additionally in default under paragraph 16(a) of the Stipulation and Consent Order in that it has failed to remit payment for May 1, 2017.

This e-mail is Notice of the above Events of Default and is in addition to and independent of the Notice of Events of Default issued on May 1, 2107.  Medak has ten (10) days WITH TIME OF THE ESSENCE to cure this Event of Default.

Please be guided accordingly.


**FRANK PERETORE**
Member

**Chiesa Shahinian & Giantomasi** PC

973.530.2058
212.324.7256 NYC
973.530.2258 fax
fperetore@csglaw.com

One Boland Drive : West Orange, NJ 07052
11 Times Square, 31st Floor : New York, NY 10036

WEBSITE | VCARD

# Fox, Mindy

| | |
|---|---|
| **From:** | Fox, Mindy |
| **Sent:** | Tuesday, June 13, 2017 3:03 PM |
| **To:** | 'ggonzalez@scuramealey.com' |
| **Cc:** | Peretore, Frank; Meyers, Marlene |
| **Subject:** | RE: Vehicle Lenders Group/Medak: Notice of Events of Default |

Guillermo,

As you are aware, we represent Vehicle Lenders Group in In re: Medak Trucking, LLC, Case No. 16-24788 (MBK).

As you are also aware, on October 21, 2016, the Court entered the Stipulation and Consent Order, which provided for the $6,900 adequate protection payments.

Medak is additionally in default under paragraph 16(a) of the Stipulation and Consent Order in that it has failed to remit payment for in the amount of $10,650 as of today's date.

This e-mail is Notice of the above Events of Default and is in addition to and independent of the Notice of Events of Default issued on May 5, 2017. Medak has ten (10) days WITH TIME OF THE ESSENCE to cure this Event of Default.

Please be guided accordingly.

**From:** Peretore, Frank
**Sent:** Friday, May 05, 2017 2:28 PM
**To:** 'ggonzalez@scuramealey.com'
**Subject:** Vehicle Lenders Group/Medak: Notice of Events of Default

Guillermo,

As you are aware, we represent Vehicle Lenders Group in In re: Medak Trucking, LLC, Case No. 16-24788 (MBK).

As you are also aware, on October 21, 2016, the Court entered the Stipulation and Consent Order, which provided for the $6,900 adequate protection payments.

Medak is additionally in default under paragraph 16(a) of the Stipulation and Consent Order in that it has failed to remit payment for May 1, 2017.

This e-mail is Notice of the above Events of Default and is in addition to and independent of the Notice of Events of Default issued on May 1, 2107. Medak has ten (10) days WITH TIME OF THE ESSENCE to cure this Event of Default.

Please be guided accordingly.

**FRANK PERETORE**
Member

**Chiesa Shahinian & Giantomasi** PC

973.530.2058
212.324.7256 NYC
973.530.2258 fax
fperetore@csglaw.com

1

One Boland Drive | West Orange, NJ 07052
11 Times Square, 31st Floor | New York, NY 10036

WEBSITE | VCARD

2