Order Filed on October 6, 2017
by Clerk
U.S. Bankruptcy Court
District of New Jersey

---

In re:

**MEDAK TRUCKING, LLC,**

    Debtor.

Case No.: 16-24788

Chapter 11

**STIPULATION AND CONSENT ORDER BETWEEN THE DEBTOR AND VEHICLE LENDERS GROUP: (I) RESOLVING THE DEBTOR'S DEFAULT OF ADEQUATE PROTECTION PAYMENTS; (II) RESOLVING VEHICLE LENDERS GROUP'S PROPOSED TREATMENT UNDER THE DEBTOR'S SMALL BUSINESS CHAPTER 11 COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT; AND (III) GRANTING ADDITIONAL RELIEF**

    The relief set forth on the following pages, numbered two (2) through eight (8), is hereby:

**ORDERED.**

**DATED: October 6, 2017**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

7022952.2

## **STIPULATION AND CONSENT ORDER**

This Stipulation and Consent Order (this "Stipulation") is entered into by and between Medak Trucking, LLC ("Debtor") and Vehicle Lenders Group ("VLG" or "Creditor") with respect the Debtor's proposed Small Business Chapter 11 Combined Plan of Reorganization and Disclosure Statement, and equipment identified in those certain equipment lease agreements between Debtor and VLG, as set forth more specifically in the Recitals section below.

## **RECITALS**

Bankruptcy Proceedings

**WHEREAS**, on August 1, 2016 (the "Filing Date"), Debtor filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code"); and

Transaction History and Default

**WHEREAS**, on or about September 23, 2014, Debtor entered into a certain Lease Contract ("Lease 1") with Debtor, pursuant to which Debtor leased the vehicles identified in Lease 1 in exchange for monthly payments of $1,195.47; and

**WHEREAS**, on or about February 23, 2015, Debtor entered into a certain Lease Agreement ("Lease 2") with Debtor, pursuant to which Debtor leased the vehicles identified in Lease 2 in exchange for monthly payments of $3,080.06; and

**WHEREAS**, on or about June 16, 2014, Debtor entered into a certain Lease Agreement ("Lease 3") with Debtor, pursuant to which Debtor leased the vehicles identified in Lease 3 in exchange for monthly payments of $1,214.39; and

**WHEREAS**, on or about October 27, 2014, Debtor entered into a certain Lease Agreement ("Lease 4") with Debtor, pursuant to which Debtor leased the vehicles identified in Lease 4 in exchange for monthly payments of $925.16; and

**WHEREAS**, on or about October 16, 2015, Debtor entered into a certain Lease Agreement ("Lease 5" and, collectively with Lease 1, Lease 2, Lease 3, and Lease 4, the "Leases") with Debtor, pursuant to which Debtor leased the vehicles identified in Lease 5 (collectively, with the vehicles identified in each of the other Leases, the "Vehicles") in exchange for monthly payments of $3,299.82; and

**WHEREAS**, as of August 16, 2016, the principal balance due under the Leases is $354,365.80, plus accrued and accruing interest, late fees, and attorneys' fees and disbursements; and

**WHEREAS**, the Leases contain a purchase option upon the expiration of the terms of the Leases for a purchase price equal to the purchase option amount; and

**WHEREAS**, Debtor has used continuously, and continues to use, the Vehicles; and

**WHEREAS**, Debtor ceased making post-petition payments to VLG as required by the Leases; and

**WHEREAS**, both Debtor and VLG desired to resolve the issue of Debtor's obligation of payments to VLG for adequate protection for a limited period of time and without prejudice to VLG's full rights, including but not limited to, its rights to be treated appropriately under a plan of reorganization and/or its right to payment of any arrears, late charges, default interest, attorneys' fees and other amounts due and owing under the Leases; and

**WHEREAS,** on October 21, 2016, the Court entered a Stipulation and Consent Order by and between the Debtor and VLG (I) Resolving Vehicle Lender Group's Motion for Relief from the Automatic Stay; (II) Proving Adequate Protection; and (III) Granting Additional Relief. See Doc. No. 57; and

**WHEREAS**, the Debtor's has defaulted pursuant to the terms and conditions of the October 21, 2016 Stipulation and Consent Order and is currently in arrears for August 2017 and September 2017 adequate protection payments. See Doc. No. 57; and

**WHEREAS**, on August 8, 2017, the Court entered an Order Vacating and Annulling the Automatic Stay (Doc. No. 153); and

**WHEREAS**, on May 26, 2017, the Debtor filed its Small Business Chapter 11 Combined Plan and Disclosure Statement. See Doc. No. 119; and

**WHEREAS**, VLG has informally objected to the Debtor's proposed treatment of its claim in the proposed Small Business Chapter 11 Combined Plan and Disclosure Statement. See Doc. No. 119; and

**WHEREAS**, the parties wish to resolve the Debtor's default of adequate protection payments and VLG's proposed treatment in the Debtor's Small Business Chapter 11 Combined Plan and Disclosure Statement; and

**WHEREAS**, the Court having noted the consent of the parties to the firm, substance, and entry of the within Order, and for other and good cause shown;

**NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED** between Debtor and VLG as follows:

1. The foregoing recitals are true, accurate and are incorporated by reference.

2. The Debtor shall become current with the September 2017 adequate protection payment by October 1, 2017.

3. The Debtor shall become current with the October 2017 adequate protection payment by November 1, 2017.

4

4. Beginning October 1, 2017, the Debtor shall, in addition to the foregoing payments, make adequate protection payments in the sum of $8,800.00 per month until the Effective Date of the Plan of Reorganization. Each month, $1,100.00 of the revised adequate protection payment shall be credited towards unpaid adequate protection arrears.

5. The Debtor shall remain current with its adequate protection obligations in accordance with the terms and conditions set forth in the October 21, 2016 Stipulation and Consent Order by and between the Debtor and VLG (I) Resolving Vehicle Lender Group's Motion for Relief from the Automatic Stay; (II) Proving Adequate Protection; and (III) Granting Additional Relief (See Doc. No. 57), except as revised by this Stipulation and Consent Order, until the Effective Date of the Debtor's Plan of Reorganization and payments to VLG under the Plan of Reorganization have begun.

6. All payments made hereunder (or under any plan incorporating these terms, if applicable) shall be applied to Debtor's obligations under the Allowed Secured Claim, as defined in paragraph 7, infra, subject to Section 506 of the Bankruptcy Code, and shall in no way constitute a waiver of VLG's right to pursue any guarantor, if applicable, nor a waiver of any default by Debtor's failure to timely make full payment, nor a waiver of VLG's rights vis-à-vis its treatment under a Plan of Reorganization.

7. Debtor and VLG agree that VLG holds an Allowed Secured Claim in the amount of Three Hundred Fifty-Four Thousand Three Hundred and Sixty-Five Dollars and 80/100 ($354,365.80), as of Filing Date, subject to Section 506 of the Bankruptcy Code.

8. Debtor and VLG agree that VLG shall hold and be entitled to an Administrative Claim to the extent the Debtor fails to become current and stay current with adequate protection payments prior to the Effective Date of the Debtor's Plan of Reorganization.

9. Debtor and VLG agree that VLG shall be treated in the Debtor's proposed Plan of Reorganization as follows, and same shall be specifically incorporated into any Plan of Reorganization:

In accordance with the Stipulation between the Debtor and this creditor (Doc. No. 57), Class Five will be bifurcated to a secured claim in the amount of $220,000.00, including interest at 5.00% (Wall Prime Rate Plus 1.00%) and an unsecured claim for the remaining balance of the proof of claim, and any adequate protection payments made by Debtor before the Effective Date of the Plan of Reorganization, as well as any adequate protection payments made by Debtor as an Administrative Claim (pursuant to paragraph 8 of this Stipulation and Consent Order), will not reduce the amount of this Creditor's Secured Claim.  The Creditor shall retain its lien to secure payment of its Secured Claim. The Secured Claim of this Creditor will be amortized using a sixty (60) month payout payable as follows: Commencing on the first day of the month following the Effective Date of the Plan and each month thereafter for a total of sixty (60) consecutive months, the Debtor shall make monthly payments directly to Creditor in an amount equal to the amortized monthly payment.  Each monthly payment will include principal and interest.  The Creditor in this class sought and obtained relief from the automatic stay (Doc. No. 153), which stay is not, and shall not, be reinstated as against this Creditor, and, therefore, at any time this Creditor may pursue its rights in the Leases and related documents and personal property described above to the extent and in the manner provided by any applicable contract documents and non-bankruptcy law.  The Leases shall remain in full

force and effect except that the same shall be modified as set forth in Doc. No. 153, this Order, and the Plan of Reorganization. The terms and conditions of the Leases are incorporated into the Plan of Reorganization by this reference as if fully set forth herein and therein. Creditor shall not waive, release, or discharge any indebtedness, liability or obligation owed to Creditor by the Debtor, nor any right or remedy available to Creditor as against the Debtor, as set forth in the Leases during the duration of the Plan of Reorganization. All such indebtedness, liability, or obligation owed to Creditor, together with all such rights and remedies available to Creditor, are expressly reserved and preserved as against Debtor and any and all third parties, including but not limited to any guarantors. Upon satisfaction of Creditor's claim, in accordance with Creditor's Class Five, the Debtor shall solely be discharged from any indebtedness, liability, or obligation owed to the Creditor by the Debtor. Creditor's Class Five claim is impaired and, therefore, entitled to vote.

10. Any Confirmation Order entered in this bankruptcy matter shall reference this Stipulation and Consent between the Debtor and VLG.

11. The Order Vacating and Annulling the Automatic Stay (Doc. No. 153) remains in full force and effect.

12. This Stipulation is subject to the approval of the Bankruptcy Court.

13. This Stipulation may be executed in one or more counterparts and by facsimile signature, each of which taken together shall constitute one agreement.

14. The headings in this Stipulation are for convenience of reference only and shall not control or affect the meaning or construction of this Stipulation.

Dated: September 29, 2017

| | |
|---|---|
| Scura, Wigfield, Heyer, Stevens & Cammarota LLP<br>*Attorneys for Debtor*<br>1599 Hamburg Turnpike<br>Wayne, NJ 07470<br>(973) 696-8391<br>ggonzalez@scura.com | Chiesa Shahinian & Giantomasi PC<br>*Attorneys for Vehicle Lenders Group*<br>One Boland Drive<br>West Orange, NJ 07052<br>(973) 530-2058<br>fperetore@csglaw.com |
| By: /s/ Guillermo J. Gonzalez<br>     Guillermo J. Gonzalez, Esq. | By: /s/ Frank Peretore<br>     Frank Peretore, Esq. |