**SCURA, WIGFIELD, HEYER,**
**STEVENS & CAMMAROTA, LLP**
1599 Hamburg Turnpike
Wayne, New Jersey 07470
Tel.: 973-696-8391
Guillermo J. Gonzalez (Attorney ID 0761022014)
*Counsel for Debtor-in-Possession Medak Trucking, LLC*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| *In re:* | Chapter 11 |
| **MEDAK TRUCKING, LLC** | Case No. 16-24788 |
| Debtor | Hon. Judge: Michael B. Kaplan |
| | **Hearing Date & Time: 04/02/18 at 10 AM** |
| | Oral Argument Not Requested |

## DEBTORS' MOTION TO CONVERT CASE TO CHAPTER 7
## PROCEEDING PURSUANT TO 11 U.S.C.A. § 1112(a)

Medak Trucking, LLC the debtor and debtor-in-possession herein (collectively referred to as the "Debtor"), by and through its undersigned counsel, Scura, Wigfield, Heyer, Stevens & Cammarota, LLP, submits this memorandum of law in support of an Order pursuant to sections 1112(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") for and order converting the existing Chapter 11 case to Chapter 7 (the "Motion").

## PRELIMINARY STATEMENT

By way of the Motion, Debtor seeks to convert the confirmed Chapter 11 case to Chapter 7. Following confirmation of the Debtor's Plan of Reorganization, the Debtor's business operations and revenue decreased. As a result, the Debtor has been unable to maintain ordinary post-confirmation expenses, post-confirmation plan payments, and cure administrative expenses. Consequently, it is in the best interest of the bankruptcy estate and its creditors, to convert the

Debtor's case to Chapter 7, whereby the Debtor retains limited assets that may be sold and yield dividends to creditors.

## FACTUAL BACKGROUND

On August 1, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtor has remained in possession of its assets and continues management of its business as debtor-in-possession in accordance with Sections 1107 and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or an examiner in this case, and no official committee has yet been appointed by the Office of the United States Trustee.

The Debtor is an intermodal and drayage company based out of the major terminals in the New York and New Jersey area. The Debtor specializes in providing the following services: local and global transportation; container drayage and intermodal transportation across the Northeast Region; trans-loading, warehousing and distribution; and general logistic solutions. Due to a decrease in the Debtor's business as a result of various factors currently affecting the freight transportation business, the Debtor defaulted on several of its business loans and financial obligations. This Chapter 11 filing was precipitated in order to stay the execution of levy on the Debtor's bank account stemming from an action filed against the Debtor in the State of New York.

Following confirmation of the Debtor's Plan of Reorganization on January 12, 2018, the Debtor's business operations and revenue income decreased. See Confirmation Order, Doc No. 189. As a result, the Debtor has been unable to maintain ordinary post-confirmation expenses, post-confirmation plan payments, and cure administrative expenses. Consequently, it is in the

best interest of the bankruptcy estate and its creditors, to convert the Debtor's case to Chapter 7, whereby the Debtor retains limited assets that may be sold and yield dividends to creditors.

## RELIEF REQUESTED

Section 1112 of the Bankruptcy Code establishes the mechanism and standards for conversion and dismissal. 11 U.S.C. § 1112. Section 1112(a) provides that "[t]he debtor may convert a case under this chapter to a case under chapter 7 of this title unless" (i) the debtor is not a debtor-in-possession; (ii) the case originally was commenced as an involuntary chapter 11 case; or (iii) the case was converted to a case under chapter 11 other than on the debtor's request. 11 U.S.C. § 1112(a). Section 1112(b) governs requests for conversion or dismissal by anyone other than the debtor. 11 U.S.C. § 1112(b). It provides that upon the request of a party-in-interest, "the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b). "Cause" is defined in section 1112(b)(4) to include the following:

- A. substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
- B. gross mismanagement of the estate;
- C. failure to maintain appropriate insurance that poses a risk to the estate or to the public;
- D. unauthorized use of cash collateral substantially harmful to 1 or more creditors;
- E. failure to comply with an order of the court;
- F. unexcused failure to satisfy timely any applicable filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
- G. failure to attend the meeting of creditors convened under section 341 (a) or an examination order under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;
- H. failure to timely provide information or attend meetings reasonably requested by the United States trustee (or any bankruptcy administrator, if any);

I.   failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;

J.   failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;

K.   failure to pay certain statutory fees or charges required under chapter 123 of title 28;

L.   revocation of an order of confirmation under section 1144;

M.   inability to effectuate substantial consummation of a confirmed plan;

N.   material default by the debtor with respect to a confirmed plan;

O.   termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and

P.   failure of the debtor to pay any post-petition domestic support obligation that first becomes payable after the date of the filing of the petition.

11 U.S.C. § 1112(4).

Based upon the express language of the statute and its accompanying legislative history, section 1112(a) has been almost universally interpreted to confer a chapter 11 debtor with the "absolute" right to convert to chapter 7 absent the existence of one of the disqualifying circumstances specified in the statute. *In re Dieckhaus Stationers of King of Prussia, Inc.*, 73 B.R. 969, 971 (Bankr. E.D. Pa. 1987)("The fallacy in this argument is that the debtor is proceeding under section 1112(a), not section 1112(b). The former provision, by its terms, gives the debtor an absolute right to convert, unless the case is governed by one of the enumerated exceptions. The legislative history confirms Congress' intent to give debtors an absolute right to convert from chapter 11 to chapter 7.")

The Debtor submits that Congress has granted an absolute right to convert from chapter 11 to chapter 7, and that the factors set forth in section 1112(b) governing "cause" for dismissal are inapplicable.   *See Tex. Extrusion Corp. v. Lockheed Corp. (In re Tex. Extrusion Corp.)*, 844 F.2d 1142, 1161 (5th Cir.1988);

The Debtor recognizes, however, that some courts have found a distinction between section 1112(a) and the nearly identical provision in chapter 13.  *See In re Adler*, 329 B.R. 406,

408-409 (Bankr. S.D.N.Y. 2005). Some courts have either (i) recognized that conversion may be improper in situations involving "extreme circumstances" (e.g., bad faith, abuse of process or other gross inequity); or (ii) engages in some kind of equitable analysis of the facts. *See, e.g. In re Adler*, 329 B.R. 406, 408-409 (Bankr. S.D.N.Y. 2005); *Monroe Bank & Trust v. Pinnock*, 349 B.R.493, 496 (E.D. Mich. 2006).

Here, unlike *Monroe Bank & Trust v. Pinnock* and *In re Adler*, no creditor is seeking to dismiss the case, and conversion will not be a detriment to the creditor body. Moreover, there are no allegations of bad-faith or non-disclosure of assets. However, cause exists to convert, whereby the Debtor has not be able to effectuate substantial consummation of the Plan of Reorganization, and is in default of the Plan of Reorganization due to business operations and revenue decreasing. Thus, it is in the best interest of the Debtor and the bankruptcy estate that the matter be converted to Chapter 7.

The Debtor requests that the Court defer to its determination, as debtors-in-possession, as to what is in the best interest of the estate and enter an order converting this case to one under Chapter 7.

**SCURA, WIGFIELD, HEYER,**
**STEVENS & CAMMAROTA LLP**
Counsel for Medak Trucking, LLC

Dated: March 8, 2018          By: /s/ Guillermo J. Gonzalez
                                    Guillermo J. Gonzalez